ELECTRONICALLY FILED
4/22/2021 10:14 AM
Heidi Percy
County Clerk
Snohomish County, WASH
Case Number: 21-2-01854-31

IN THE SUPERIOR COURT OF WASHINGTON
COUNTY OF SNOHOMISH

| | |
|---|---|
| HAROLD LANG, an individual, ) | |
| ) | Case No.    21-2-01854-31 |
| Plaintiff, ) | |
| ) | **SUMMONS** |
| vs. ) | |
| ) | |
| STATE OF WASHINGTON; ) | |
| WASHINGTON DEPARTMENT OF ) | |
| CORRECTIONS; DOES I-X, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| _____ ) | |

**TO:    STATE OF WASHINGTON, ET AL.**

A lawsuit has been started against you in the above-entitled court.

Plaintiff's claims are stated in the written Complaint for Damages, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons, or within 60 days if this Summons was served

SUMMONS  - 1
LANG V. STATE OF WASHINGTON, ET AL.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

1    outside the State of Washington, excluding the day of service, or a default judgment may be

2    entered against you without notice. A default judgment is one where plaintiff is entitled to what

3    has been asked for because you have not responded. If you serve a notice of appearance on the

4    undersigned person, you are entitled to notice before a default judgment may be entered. A

5    copy of your answer and all other responsive pleadings must be filed with the Court.

6         If you wish to seek the advice of an attorney in this matter, you should do so promptly

7    so that your written response, if any, may be served on time.

8         THIS SUMMONS is issued pursuant to Civil Rule 4, Rules for Superior Court, State of

9    Washington.

10   DATED this 22nd day of April, 2021.

11

12                                             CIVIL RIGHTS JUSTICE CENTER, PLLC

13

                                               _/s/ Darryl Parker_____
14                                             **Darryl Parker**, WSBA #30770

15

16

17

18

19

20

21

22

23

**SUMMONS** - 2
LANG V. STATE OF WASHINGTON, ET AL.

CIVIL RIGHTS JUSTICE CENTER, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington  98133
(206) 557-7719 / Fax: (206) 659-0183

1

2

3

4

5

6

7

8

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
COUNTY OF SNOHOMISH

9

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| HAROLD LANG, an individual, | )<br>) Case No.<br>) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES**<br>) |
| v. | ) (Civil Rights, and Jury Trial Demanded)<br>) |
| STATE OF WASHINGTON;<br>WASHINGTON DEPARTMENT OF<br>CORRECTIONS; DOES I-X, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |
| | )<br>)<br>)<br>)<br>) |

19   COMES NOW Plaintiff Harold Lang, by and through the undersigned attorney, and for

20   the causes of action against the above-named Defendants, alleges and avers as follows:

21   <u>**INTRODUCTION**</u>

22   1.      Plaintiff Harold Lang, by and through his undersigned counsel, files this

23   Complaint for damages against defendants for violations of his Eighth Amendment rights and

COMPLAINT FOR DAMAGES - 1
Case No.

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

Washington State law. He brings this action due to defendants' denial of medical treatment, and its delaying of medical treatment in violation of Department of Corrections policy and the United States constitution. Defendants have been deliberately indifferent to the serious medical needs of plaintiff. As a result, defendants have violated plaintiff's Eighth Amendment rights and have caused plaintiff to suffer great pain and deprivation of his civil, statutory and constitutional rights, physical injuries, anxiety, loss of good health, as well as mental and emotional distress.

## VENUE

2.      All of the unlawful acts and practices alleged herein occurred in or near the City of Monroe in Snohomish County, Washington. Thus, the Snohomish County Superior Courthouse is the appropriate forum for this matter.

## PARTIES

3.      Plaintiff Harold Lang is a male citizen of the United States, and is a resident of the State of Washington, residing in King County. He was an adult male inmate (Inmate No. 354140), incarcerated at the Monroe Correctional Complex ("MCC") in the Twin Rivers Unit ("TRU") in Monroe, Washington.

4.      Defendant State of Washington is a public entity which runs the Washington Department of Corrections.

5.      Defendant Washington Department of Corrections ("DOC") is an agency of the State of Washington and is a public entity that had complete control over plaintiff because he was housed in its prison system.

6.      Defendant Marquetta Washington was at all times relevant hereto an advanced registered nurse practitioner (ARNP) working under a contract with the Monroe Correctional Complex TRU.

COMPLAINT FOR DAMAGES - 2
Case No.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

7. Defendant Kenneth Sawyer was at all times relevant hereto a doctor at Monroe Correctional Complex TRU.

8. Defendant Patricia Robertson was at all times relevant hereto a nurse practitioner at Monroe Correctional Complex TRU.

9. Defendant Billy Heinsohn was at all times relevant hereto a health services manager 3 at Monroe Correctional Complex TRU.

10. Defendants Does I through X are employees of the State of Washington to be identified through the discovery process and when the true names and capacities are ascertained, plaintiff will seek leave to amend.

11. Each defendant is, and at all times herein mentioned was acting under color of law and was an agent of Washington State Department of Corrections and acting within the course and scope of that agency in causing the harm as herein alleged.

## ADMINISTRATIVE PROCEEDINGS

12. Plaintiff filed a tort claim on December 2, 2020. As a matter of law, plaintiff's tort claim has been rejected.  Available administrative remedies have been exhausted.

## STATEMENT OF FACTS

13. Plaintiff is a 31-year-old male and was an inmate housed in the TRU of the Monroe Correctional Complex. He did not have any severe physical injuries or health conditions until November 19, 2019 when he injured his right knee during an MCC-sponsored basketball tournament.

14. After his initial injury, plaintiff attempted to find treatment for his knee injury through the DOC healthcare staff; however, he was denied adequate treatment multiple times.

COMPLAINT FOR DAMAGES - 3
Case No.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

15.     This denial of medical treatment worsened plaintiff's initial injury and inflicted upon him severe emotional and physical distress.

16.     On November 20, 2019, plaintiff received an x-ray for his knee from an injury sustained the night before. Marquetta Washington, ARNP indicated in her Primary Encounter Report after the x-ray that there was a possible ACL tear and plaintiff should have an MRI if approved by Dr. Kenneth Sawyer.

17.     During this consultation, plaintiff asked if there was any way he could see Dr. Sawyer as soon as possible. Marquetta Washington responded that if plaintiff wanted medical attention sooner "he [could] go through Offender Paid HealthPlan" and pay out of pocket.

18.     Plaintiff did not receive an MRI until May 13, 2020, nearly seven months after his initial injury, despite his numerous complaints causing him to suffer from severe and prolonged pain in his knee.

19.     Plaintiff's treatment plan consisted of extremely infrequent physical therapy visits and a sheet of paper with the exercises he was told to do on his own.

20.     In December 2019, plaintiff was attempting to do his physical therapy exercises on the basketball court, the only place he could work out, and was bumped into by another individual forcing him to put weight on his injury to steady himself.

21.     Plaintiff felt as though his knee "blew up" and declared a medical emergency as he felt something was clearly wrong with his knee and was experiencing immense pain.

22.     Plaintiff met with Patricia Robertson, NP who diagnosed his new injury as a torn meniscus; yet Robertson still did not order an MRI or change plaintiff's treatment plan as a result of this new injury.

**COMPLAINT FOR DAMAGES** - 4
Case No.

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

23. On January 17, 2020, plaintiff went for a physical exam with Marquetta Washington who diagnosed his injury as an ACL tear and ordered Tylenol and RICE treatment. Again, Washington neither ordered an MRI to diagnose the extent of plaintiff's injury nor changed plaintiff's treatment plan to better serve his recovery needs by providing him with a knee brace.

24. On January 21, 2020, plaintiff sustained a third injury after walking down the stairs and feeling his knee "buckle" which aggravated his previous two knee injuries.

25. After a consultation with Marquetta Washington, plaintiff was immediately rushed to the emergency room at EvergreenHealth where he was told that he needed to talk to a surgeon as he needed an orthopedic consult; however, plaintiff did not receive an orthopedic consult until May 2020.

26. Plaintiff received a wheelchair after his third injury and was told to continue with his previous treatment plan. Washington wrote in her Primary Encounter Report that plaintiff had agreed to this, however, he did not. Plaintiff also received a wheelchair following his third injury.

27. Plaintiff filed a grievance on January 28 stating that he deserved correct medical attention and was not provided with it as he was deprived of an MRI and adequate treatment plan due to how his current physical therapy exercises were exacerbating his injury and pain.

28. Plaintiff was repeatedly denied an MRI due to DOC's medical staff saying that the MRI would not do anything for his ACL tear. DOC staff also failed to provide a new treatment plan for his torn meniscus.

29. DOC healthcare staff responded to his grievance stating that his medical treatment was acceptable as he was given Health Status Reports (HSRs) such as a lower bunk and physical

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

therapy. However, his current physical therapy treatment had caused his torn meniscus diagnosed in December 2019 which demonstrated his need for changes to his treatment plan.

30.    On January 30, 2020, plaintiff filed another grievance regarding the situation he had with Marquetta Washington where she said that he should pay out of pocket for his medical care.

31.    After another consultation with Marquetta Washington on February 7, plaintiff continued to feel extreme pain and filed a Health Services Kite indicating that he had sustained two more injuries: one after doing his physical therapy exercises for his initial injury and the second after falling down the stairs.

32.    In the Health Services Kite, plaintiff describes his inability to take part in programming and sports due to being bound to a wheelchair. Additionally, he states that his pain becomes worse with movement and that he is still in need of an MRI. Despite his need for physical therapy, plaintiff was continuously denied rehabilitation treatment for his knee.

33.    On February 15, plaintiff had a consultation with DOC medical staff who stated that he only had a torn ACL in his right knee. Plaintiff's request for more adequate treatment was denied by Dr. Sawyer who insisted that a wheelchair was not necessary.

34.    Plaintiff continued to tell MCC healthcare providers that his condition had worsened with his current physical therapy exercises and that RICE/brace treatment was not enough, however, he was repeatedly denied any other care.

35.    On February 26, the Care Review Committee (CRC) categorized plaintiff's injury as a Level III injury stating that an orthopedic consult was not medically necessary and recommending physical therapy.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

36.     On March 9, 2020, plaintiff was again denied imaging and a change in treatment on March 9 by ARNP Anyieni who found the ACL tear, but only ordered a continuation of RICE/brace treatment for the injury despite a lack of progress being made with plaintiff's recovery as a result of current treatment methods.

37.     Between December 30, 2019 and July 23, 2020, plaintiff filed 18 grievances against MCC-TRU medical clinic due to receiving inadequate care for his injury which contributed to his sustaining of two subsequent injuries after his initial incident.

38.     Plaintiff filed an Appeal to Level II on March 16 claiming that his grievance was not heard correctly as he was still not provided with an MRI or an orthopedic consult. Medical staff continued to tell plaintiff that the treatment he was receiving was enough, he did not need an MRI, and that his injury would heal itself.

39.     On March 24, 2020, plaintiff was told for a third time that an orthopedic consult and MRI were not medically necessary, and his injury was categorized as a Level III injury by Patricia Robertson. They maintained that physical therapy was enough treatment.

40.     On April 7, MCC Health Services Manager 3, Billy Heinsohn, rejected plaintiff's appeal finding that the care provided did not display negligence and the "management of his knee would not change with an MRI." DOC staff also asserted that plaintiff had a right to refuse physical therapy, however, plaintiff contended that the physical therapy treatment he was receiving was exacerbating his knee injury.

41.     By April 8, plaintiff's knee continued to hurt during physical therapy, so he filed another grievance and Appeal to Level III for not receiving adequate HSRs.

**COMPLAINT FOR DAMAGES** - 7
Case No.

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

42.     During this time, DOC medical staff continued to tell plaintiff that he was receiving correct treatment despite his evidence of further injury and chronic pain and that his injury would heal itself.

43.     On April 16, Brandi Blair and CRC ruled plaintiff's injury as Level III and denied him an orthopedic consult and MRI appointment. Plaintiff waited for a response to his Appeal to Level III from April 8 until May 7. Health Services CNO R. Simpson responded to plaintiff's Appeal denying claims for negligence because he stated that plaintiff was approved for an orthopedic consult and MRI.

44.     Plaintiff was finally provided with an MRI on May 13 after his injury was classified as a Level I injury by Victoria Sanchez. Sanchez ruled that treatment was medically necessary as plaintiff displayed signs of an ACL tear and/or meniscus tear.

45.     Plaintiff was diagnosed with a torn ACL, torn medical meniscus, and a torn bucket handle meniscus. According to medical staff at the emergency room, these injuries could not have been properly diagnosed without an MRI. Arieg Awad approved plaintiff to go to an orthopedic specialist after Sanchez repeatedly pushed for plaintiff to receive an MRI.

46.     On June 1, 2020, nearly seven months after his initial injury, plaintiff had an outpatient appointment with Dr. Joel Weber from Evergreen Health in Kirkland, WA where he was informed that he would need two surgeries: one for his torn meniscus and one for his torn ACL.

47.     Plaintiff finally underwent surgery for his torn meniscus on June 25, however, Dr. Weber stated that he could not perform the second surgery on plaintiff's ACL tear until he received physical therapy treatment for it. Dr. Weber informed plaintiff that he would need

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

physical therapy two times a week before his second surgery could be completed, however, DOC refused to provide plaintiff with PT more than once a week.

48.     Plaintiff repeatedly informed DOC staff that DOC PT was making his injury worse, and Dr. Weber expressed that all of plaintiff's PT should be done at Evergreen in order for plaintiff to receive proper care.

49.     Dr. Weber also informed plaintiff that he had to remove 70 percent of plaintiff's meniscus because it was not salvageable as too much time had passed since he had initially sustained the injury. Plaintiff would not have torn his meniscus if he were provided with an MRI to diagnose his injury from November 19, 2019. This injury will cause Mr. Lang to have lasting effects for the rest of his life, including arthritis and a risk of reinjury. If MCC medical staff provided adequate care for plaintiff's initial injury in November 2019, these effects could have been prevented.

50.     After his surgery, plaintiff filed eight grievances against the medical clinic staff claiming to have received inadequate and negligent care. DOC and its medical staff are liable for the injuries that followed plaintiff's initial knee injury in November 2019, and the inadequate care which led to the inability of plaintiff's knee to return to normal in the future.

51.     DOC medical staff failed to provide plaintiff with HSRs that he was entitled to from November 2019 to June 2020. Additionally, plaintiff did not receive his second surgery for his torn ACL until October 2020 due to MCC staff's lack of compliance to Dr. Weber's order for extensive physical therapy prior to surgery.

52.     Plaintiff remained immobilized throughout a seven-month period from the time of his injury till when he was provided with adequate treatment in June 2020.

**COMPLAINT FOR DAMAGES** - 9
Case No.

53.    Plaintiff continues to receive post-operation care and physical therapy to this day and remained on crutches over a year after his initial injury.

54.    Plaintiff was denied prescription medication that allows him to complete his physical therapy exercises every day. Plaintiff was specifically ordered to take his medication, prescribed by his EvergreenHealth physical therapist, Janna Ott, twice a day and complete his exercises the other five days out of the week when he is not at his appointment.

55.    Still, Nurse Jainaba denied plaintiff access to his medications because Dr. Dwyer, the medical provider who discontinued Mr. Lang's medications, told her to cut plaintiff off citing that it was against DOC policy for plaintiff to continue his pain medications.

56.    Even though DOC medical staff had written documentation from plaintiff's other medical providers that he needs his prescription medication twice per day to successfully accomplish his physical therapy exercises, they continuously denied him access claiming that they would find him an alternative medication.

57.    Plaintiff never received proper pain medication from DOC staff resulting in his inability to complete his physical therapy exercises after his second surgery in October 2020.

58.    Each time plaintiff filed a grievance against the DOC medical clinic, he was informed that his complaint was not a grievable issue and that his knee would heal itself. Plaintiff's continuous grievances over the course of his injury demonstrate the lack of treatment he was given and the negligent behavior of the medical staff.

59.    By continuously prescribing incorrect and inadequate treatment methods for plaintiff's conditions, the DOC staff caused plaintiff to sustain further injuries to his knee that would not have occurred had DOC staff provided proper medical care at the onset of his injury.

COMPLAINT FOR DAMAGES - 10
Case No.

60.     Plaintiff was aware that his condition could lead to his death. After being denied medical assistance, plaintiff feared that he would be seriously injured and that it could potentially lead to his death. Defendants' willful acts caused panic, terror, fear, pain and distress in the hours leading to plaintiff's hospitalization.

61.     Defendants acted with deliberate indifference. As a direct result, defendants' actions caused plaintiff to become unconscious and undergo hospitalization and to suffer physical pain and emotional anguish.

## **FIRST CAUSE OF ACTION**

(42 U.S.C. § 1983 – Eighth Amendment – Cruel and Unusual Punishment- all individual defendants)

62.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 61 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

63.     The Eighth Amendment protects inmates against the infliction of "cruel and unusual punishment." Defendants violated the Eighth Amendment by acting with deliberate indifference to the serious medical needs of the plaintiff.

64.     At all times material hereto, defendants jointly and severally had a duty under the Eighth Amendment of the U.S. Constitution to not be deliberately indifferent to the known serious medical needs of inmates at the Washington Department of Corrections ("DOC"). This duty arose from the individual defendant's capacity as agents or employees of the DOC. Because defendants had a non-delegable duty to provide medical services to the plaintiff, the DOC and its agents and employees acted under the color of law while providing these services.

COMPLAINT FOR DAMAGES - 11
Case No.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

65.     Defendants failed to provide adequate medical care for plaintiff contrary to medical records showing his need for timely treatment. Despite defendants' knowledge of this need, each individual defendant intentionally, or through the exercise of deliberate indifference, failed or refused to provide plaintiff with the proper medical care and attention known to be necessary under plaintiff's circumstances.

66.     As a direct and proximate result of the actions and omissions of the defendants as described above, plaintiff has suffered chronic pain, aggravation of his injuries and had to undergo surgeries to treatment is injuries.  Plaintiff also suffered severe emotional distress. The full extent of plaintiff's losses will be proven at trial.

67.     The actions of the individual defendants, as described in this complaint, were deliberately indifferent to the serious medical needs of plaintiff and done in conscious disregard of the harm that would be inflicted upon plaintiff making punitive damages appropriate.

## SECOND CAUSE OF ACTION

(RCW 70.48.130 and 72.10.005 – Medical Malpractice or Failure to Provide Adequate Medical Care)

68.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 67 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

69.     RCW 70.48.130 provides that "all jail inmates receive appropriate and cost-effective emergency and necessary medical care…[and] the healthcare authority and medical care providers shall cooperate to achieve the best rates consistent with adequate care." RCW 70.48.130.

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

70.    RCW 72.10.005 provides that "inmates in the custody of the department of corrections receive such basic medical services as may be mandated by the federal Constitution and the Constitution of the state of Washington." RCW 72.10.005.

71.    The Washington DOC Health Plan and WAC 137-91-010 define "medically necessary care" as meeting one or more of the following criteria: reduces intractable pain, prevents significant deterioration of Activities of Daily Living ("ADLs"), immediate intervention is not medically necessary, but delay of care would make future care or intervention for intractable pain or preservation of ADLs significantly more dangerous, complicated, or significantly less likely to succeed.

72.    RCW 72.10.020 states that "[t]he department, in accordance with medically accepted best practices and in consultation with the health care authority, shall develop and implement uniform standards…when a patient's current health status requires a referral for consultation or treatment outside the department." RCW 72.10.020.

73.    Al defendants, and persons working at the direction of defendants, failed to provide plaintiff with a referral for consultation or treatment outside of the department despite plaintiff's injuries demonstrating a need for a medical consultation. Defendants and their agents asserted that an orthopedic consult and MRI were "not medically necessary" in order to diagnose plaintiff's injuries, however, uniform medical standards require that an MRI be utilized in order to fully diagnose an injury.

74.    Defendants were aware of plaintiff's injuries and plaintiff informed defendants of his pain and repeatedly communicated to defendants his serious medical needs regarding his injuries. Washington State knew plaintiff was suffering from physical pain and overlooked plaintiff's request for medical treatment. This delay of care contributed to plaintiff's loss of his

COMPLAINT FOR DAMAGES - 13
Case No.

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

entire meniscus cartilage which would not have occurred had plaintiff been provided with adequate treatment following his initial injury.

75.     The State of Washington failed to provide plaintiff with basic and adequate medical care and denied him the rights and benefits accorded to other inmates under DOC standards for providing healthcare to inmates.

76.     As a proximate result of defendant's discriminatory actions against plaintiff, as alleged above, plaintiff has been emotionally and physically harmed in that plaintiff has suffered humiliation, mental anguish, anxiety, mortification, loss of good health, emotional and physical distress, and has been injured in mind and body in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**

(Negligence - all defendants)

77.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 76 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

78.     Plaintiff was an inmate under the supervision of the Department of Corrections and thus, each aspect of his medical care is under the authority of the DOC.

79.     According to the Washington DOC Health Plan, the CRC should consider factors including medical necessity, tests or evaluations, treatment safety and effectiveness, alternative therapy/procedures that may be appropriate, and the patient's likely cooperation to the prescribed care when deciding if a clinical service should be authorized. Defendants failed to consider these factors when deciding on plaintiff's treatment plan resulting in plaintiff's two subsequent injuries following his initial injury.

COMPLAINT FOR DAMAGES - 14
Case No.

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

80.     Defendants as well as agents of the state were at all times charged with the care of plaintiff's medical needs. Defendants breached their duty of care to plaintiff and acted in conscious disregard of the harm that would be inflicted upon plaintiff when they failed to provide the medical care his injuries warranted.

81.     Defendant Washington State Department of Corrections and its individual officers, in committing all the aforementioned wrongs, breached their duty to plaintiff to exercise reasonable care in the performance of their official duties, and thereby proximately and foreseeably caused plaintiff's civil rights violation.

82.     As a direct and proximate result of the actions and omissions of the defendants as described above, plaintiff has suffered chronic pain, loss of his liberty, and aggravation of his medical conditions. He has been deprived of freedoms that are enjoyed by other inmates. The full extent of his injuries will be proven at trial.

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress – all defendants)

83.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 82 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.

84.     Defendants had direct knowledge of plaintiff's initial injury from November 19, 2019 and intentionally inflicted emotional distress upon plaintiff by refusing to treat plaintiff's serious medical needs and subsequent injuries that resulted from their failure to treat his initial injury.

85.     After Defendants were first informed of plaintiff's initial ACL tear, they denied him access to an MRI and an adequate treatment plan. Plaintiff filed 18 grievances in an effort to

Civil Rights Justice Center PLLC
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

obtain adequate medical care, all of which were denied. Defendants intentionally ignored the medical needs of plaintiff by acting in a manner that would bring incredible mental frustrations and fears to plaintiff. As a result of Defendants' actions, plaintiff suffered from excruciating pain, emotional distress, embarrassment, panic and mental anguish.

86.     As a direct and proximate result of the actions and omissions of the defendants as described above, plaintiff has suffered chronic pain, loss of his liberty, and aggravation of his pre-existing medical conditions. He has been deprived of freedoms that are enjoyed by other inmates. The full extent of his injuries will be proven at trial.

## **PRAYER**

WHEREFORE, plaintiff prays for the following relief against defendants:

A.  For general and special compensatory damages and against all defendants according to proof at trial;

B.  For special damages according to proof at trial

C.  For Punitive damages against individual defendants

D.  For a jury trial on all issues triable by jury;

E.  For reasonable attorney fees according to law or statute;

F.  For costs of suit incurred herein; and

G.  For such other and further relief as the Court may deem just.

Dated this 22nd day of April, 2021, at Seattle, Washington.

COMPLAINT FOR DAMAGES - 16
Case No.

CIVIL RIGHTS JUSTICE CENTER PLLC


*/s/ Darryl Parker*_____
Darryl Parker, WSBA #30770
2150 North 107th Street, Suite 520
Seattle, WA 98133
206-557-7719
Email:  dparker@civilrightsjusticecenter.com

**COMPLAINT FOR DAMAGES** - 17
Case No.

**Civil Rights Justice Center PLLC**
2150 North 107th St. Ste. 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183